IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERT DEWAYNE THOMAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0159 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS
FOR FAILURE TO EXHAUST STATE COURT REMEDIES**

Came for consideration the petition for a writ of habeas corpus filed by petitioner ROBERT

DEWAYNE THOMAS on August 9, 2006.[1]  For the reasons hereinafter set forth, it is the opinion of

the undersigned United States Magistrate Judge that the petition should be DISMISSED for failure

to exhaust state court remedies.

I.
PROCEDURAL HISTORY

In his petition filed June 27, 2006, petitioner avers he was convicted, on June 16, 1991, of

the offense of unauthorized use of a motor vehicle in Harris County, Texas, and received a twenty

(20) year prison sentence for such offense.  Petitioner is currently incarcerated in the Clements Unit

---

[1]Petitioner originally submitted his habeas petition on June 27, 2006 but such petition was not on the form petition
required by the Northern District of Texas.  On July 14, 2006, petitioner was ordered to submit a form petition which he did on
August 9, 2006.

in Potter County, Texas.  Petitioner has marked in his amended habeas petition filed August 9, 2006,

that he is challenging a parole revocation proceeding.  However, upon closer review it appears

petitioner is actually challenging the fact that he has not been released to parole although he claims

he should have been.


II.

PETITIONER'S ALLEGATIONS

Petitioner argues as follows:

1.      "I have been restrained in my liberty, denied due proc[ess], deprived of an

entitlement and an early expectancy of release; and

2.      Once I had reached/met parole requirement, parole board [and] TDCJ-ID had

statuetory (sic) duty/obligation to fulfill in releasing me.


III.

EXHAUSTION OF STATE COURT REMEDIES

Section 28 U.S.C. § 2254 states, as relevant to this proceeding:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody
pursuant to the judgment of a State court shall not be granted unless it appears that—

        (A)     the applicant has exhausted the remedies available in the
                courts of the State; or

        (B)(I)  there is an absence of available State corrective process; or


        (ii)    circumstances exist that render such process ineffective to
                protect the rights of the applicant.

(2)  An application for a writ of habeas corpus may be denied on the merits,
notwithstanding the failure of the applicant to exhaust the remedies available in the
courts of the State.

(3) . . .

(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.  The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases.  *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989).  The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."  *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).

> Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution.  Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

*Id.*  (brackets, internal quotation marks, and citations omitted).  To have exhausted his state remedies, a habeas petitioner must have *fairly presented* the *substance* of his federal constitutional claims to the state courts.  *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998).  This requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims.  *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).  Further, in order to satisfy the federal exhaustion requirement, petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition.  *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v.*

*Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983).  In the state of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court which has jurisdiction to review a petitioner's confinement.  Tex. Code Crim. Proc. Ann. art. 44.45 (Vernon 1999).  Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.01 et seq. (Vernon 2005), or on direct appeal by a petition for discretionary review.

In his habeas application petitioner has failed to provide whether he appealed his conviction and sentence and has failed to provide state habeas information.  In the August 9, 2006 form petition however, petitioner represents at page 5 in response to Question 14, that he has not filed any petitions, applications, or motions in any state or federal court challenging his parole revocation.[2] Petitioner has presented nothing herein to show the state's highest court has had an opportunity to review and determine the merits of petitioner's claims.  Consequently, petitioner has provided nothing to show his claims presented herein have been exhausted.  Accordingly, petitioner's grounds raised in this federal habeas application have not been exhausted and said application is subject to summary dismissal in order that petitioner may present to, and obtain a ruling by, the Texas Court of Criminal Appeals on his grounds.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus filed by petitioner ROBERT DEWAYNE

---

[2]As discussed *supra*, it does not appear petitioner is challenging a parole revocation but instead is challenging the failure of TDCJ-ID to release him to parole.

THOMAS be, in all things, DISMISSED for failure to exhaust state court remedies.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of August 2006.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).